**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: MARMAC, LLC, CANAL BARGE COMPANY, INC., W. LEIGH & ASSOCIATES, INC., JOHNSON BROS. CORPORATION ,**

      **Petitioners,**

**-vs-**                Case No.  **6:05-cv-564-Orl-31DAB**

**LORENZO REED, PABLO GODINEZ, GERARDO LINARES PEREZ, MARIO HERNANDEZ CASTILLO, MARIO MARTINEZ & Unknown Parties,**
      **Respondents / Counter-claimants.**

_____

**MARMAC, LLC., CANAL BARGE COMPANY, INC., W. LEIGH & ASSOCIATES, INC. & JOHNSON BROS. CORPORATION,**

      **Third Party Plaintiffs,**
**vs.**

**DELTA CONSTRUCTION SPECIALITIES, INC.,**
      **Third Party Defendants.**
_____

## ORDER

This admiralty case arises out of an incident wherein a number of individuals were injured in a construction accident involving a bridge and several vessels.  The Third Party Plaintiffs filed the Third Party Complaint at issue against the Third Party Defendant, Delta Construction Specialties, Inc. ("Delta") seeking indemnification and/or contribution for liabilities arising out of

that incident. This matter is presently before the Court on Delta's Motion to Dismiss, (Doc. 33; Brief in Support at Doc. 34), and the Third Party Plaintiffs' Memorandum in Opposition thereto, (Doc. 44).

## I. Background

A. Parties

*1) Third party plaintiffs*

Marmac LLC, doing business as McDonough Marine Service ("McDonough"), and Canal Barge Company, Inc. ("Canal") are Louisiana corporations with their principal places of business in Louisiana. W. Leigh & Associates, Inc. ("Leigh") is a Florida corporation with its principal place of business in Florida. Johnson Brothers Corp. ("Johnson") is a Minnesota corporation with its principal place of business in Florida.[1]

McDonough was the owner, and Johnson was the owner *pro hac vice*, of Barge KS-1503 ("Barge I"). Canal was the owner, and Leigh was the owner *pro hac vice* as well as the charterer, of Barge CBC-919 ("Barge II"). Johnson was also the owner *pro hac vice* of Barge II, as well as the owner of the work boat "Walter D. Johnson" ("Work Boat") (Barge I, Barge II and the Work Boat are collectively referred to, where appropriate, as the "Vessels").

*2) Third party defendant*

Delta is a Florida corporation with its principal place of business in Florida. Delta entered into a contract to become a subcontractor to Johnson on the construction project out of which this suit arises.

---

[1] McDonough, Canal, Johnson and Leigh (the Third Party Plaintiffs) are collectively referred to, where appropriate, as the "Petitioners."

-2-

B) Relationships and Facts

On November 21, 2003, Johnson entered into a contract with the State of Florida Department of Transportation for a bridge construction project in Brevard County, Florida. In order to perform under that contract, Johnson entered into various subcontracts, including a contract with Delta dated March 1, 2004. Johnson also entered into bareboat charter agreements with McDonough and Leigh for Barges I and II, respectively.[2]

On October 9, 2004, while the Vessels were engaged in the bridge construction project, employees of Delta were injured when a rebar structure collapsed.[3] Johnson subsequently received a letter from an attorney representing three of those workers, suggesting that a claim would be pursued against Johnson.

Because the Petitioners deny any liability both on their part and on the part of the Vessels, they filed a Complaint for Exoneration from or Limitation of Liability, (Doc. 1), pursuant to the Limitation of Liability Act, 46 U.S.C. App. sections 181-189 and Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. In that Complaint, the Petitioners sought, *inter alia*: (1) an injunction restraining the filing of legal action against the Petitioners, the Vessels, and their underwriters and insurers; (2) a judgment that the Petitioners and Vessels are not liable for any claims arising out of the accident and exonerating them from liability; and (3) a judgment that if the Petitioners and/or Vessels are liable in any amount, that such liability be limited to the value of the Vessels.

---

[2] As to Barge II, Canal, the owner of Barge II, entered into a Bareboat Charter Party with Leigh who, in turn, entered into a Bareboat Charter Party with Johnson.

[3] An appurtenance to Barge I was also damaged.

In response to that Complaint, five Claimants (here, the Respondents/Counter-claimants) (the "Claimants") filed claims under the Jones Act, 46 U.S.C. section 688, against the Petitioners, expressly invoking their right to a jury trial.

C.  Claims and Arguments

The Petitioners/Third Party Plaintiffs filed this Third Party Complaint against Delta seeking two forms of relief.  In Count I, Johnson asserts that Delta, pursuant to the subcontractor agreement, is obligated to defend, indemnify and hold Johnson harmless from all claims for bodily injury and property damage arising from the October 9, 2004 accident.  The Petitioners/Third Paty Plaintiffs thus seek a judgment against Delta for any damages awarded against the Petitioners/Third Party Plaintiffs.

In Count II, the Petitioners/Third Party Plaintiffs allege that: (1) Delta owed the Claimants an absolute duty of reasonable care to act non-negligently and to provide the Claimants with a safe working environment; (2) Delta, its agents, employees and representatives, breached that duty and were negligent in a number of ways; (3) as a direct result of Delta's breach of duty, the accident occurred; and (4) the Claimants allege that the accident resulted in their injuries.  The Petitioners/Third Party Plaintiffs assert that if the Petitioners are liable for any damages, Delta is also liable in causing the Claimants' damages, and thus the Petitioners/Third Party Plaintiffs are entitled to contribution from Delta for the proportion of negligence directly attributable to Delta.

Delta has moved to dismiss the Third Party Complaint, asserting that: (1) the Claimants asserted remedies under the Jones Act and have demanded a jury trial; (2) the Claimants did not identify their claims as falling within the admiralty and maritime jurisdiction of the Court within the meaning of Federal Rule of Civil Procedure ("Rule") 9(h); (3) a defendant can only assert a

third party claim pursuant to Rule 14(c) if the plaintiff in that action specifically asserts an admiralty claim within the meaning of Rule 9(h) or if it is apparent from the complaint that admiralty jurisdiction is the only basis for federal subject matter jurisdiction; and (4) a third party action does not lie in this case under Rule 14(c), and thus the Petitioners' attempt to force Delta to respond directly to the Claimants must fail.[4]

## II. Legal Analysis

In their Response, the Petitioners/Third Party Plaintiffs assert that "[i]mpleader under Rule 14(c) is proper by the petitioner in a limitation proceeding after a claimant has answered and made a claim for recovery." (Doc. 44 at 3). The Petitioners/Third Party Plaintiffs then cite several cases to support their argument that impleading Delta is a common sense method for achieving an expeditious resolution of all of the relevant claims. (*Id.* at 3 - 5). Clearly impleader under Rule 14(c) is appropriate in a limitation proceeding. *See Montauk Oil Transp. Corp. v. Steamship Mut. Underwriting Ass'n (Berm.) Ltd.*, 859 F. Supp. 669, 672 n.3 (S.D.N.Y. 1994); *In re McAninch*, 392 F. Supp. 96, 97 (S.D. Tex. 1975); *In re Klarman*, 270 F. Supp. 1001, 1003 (D. Conn. 1967).[5]

Delta does not, however, challenge the general propriety of being impleaded in the course of a limitation action. Instead, Delta asserts that impleader is not appropriate in this case under

---

[4] Delta's primary objection to the Petitioner/Third Party Plaintiffs' attempt to proceed under Rule 14(c) appears to be to the aspect of that Rule which permits the Petitioners/Third Party Plaintiffs to cause Delta to have to defend against the Claimants' claims. (*See* Doc. 34 at 3-4).

[5] *See also British Transp. Comm'n v. U.S.*, 354 U.S. 129, 138 (1957) ("Logic and efficient judicial administration require that recovery against all parties at fault is as necessary to the claimants as is the fund which limited the liability of the initial petitioner.").

Rule 14(c) because the Claimants have not specifically asserted admiralty claims within the meaning of Rule 9(h).[6]  (Doc. 34 at 3).

Rule 14(c) ("Admiralty and Maritime Claims") provides, in relevant part:

When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or person who asserts a right under Supplemental Rule C(6)(b)(i), as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction,

---

[6] The Petitioners/Third Party Plaintiffs proceed solely on the basis of the propriety of impleading in limitations actions, without ever addressing the logical first step in the analysis (which Delta explicitly pointed out), namely, whether they may even avail themselves of the right to proceed under the rules which permit impleader. The Petitioners/Third Party Plaintiffs also cite *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001) and *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032 (11th Cir. 1996) for the proposition that the "ship-owner's right to limit liability in federal court trumps the seaman's right to trial by jury under the Jones Act and the savings to suitors clause" except in limited circumstances. (Doc. 44 at 2-3). The Petitioner's assertion in this regard appears to be an overstatement. *Compare In re Seabulk Offshore, Ltd.*, 158 F.3d 897, 900 (5th Cir. 1998) (protection of the Limitations Act is narrowed by the savings to suitors clause, and thus federal courts must balance rights of claimant to pursue state lawsuit against shipowner's right to limited liability); with *Beiswenger*, 86 F.3d at 1037 (in resolving tension between Limitations Act and saving to suitors clause, "the primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum.") (internal citation and quotation omitted). The cases to which the Petitioners/Third Party Plaintiffs cite recognize the inherent tension between limitations actions and the savings to suitors clause, and thus address the procedures by which a federal court may permit a claimant to pursue a trial of his claims in his chosen forum, while still protecting the ship-owner's right to limitation. *See Lewis*, 531 U.S. at 454-55; *Beiswenger*, 86 F.3d at 1037-40; *see also Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1063 (11th Cir. 1996) ("To reconcile the tension between the exclusive admiralty jurisdiction over Limitation Act claims and the presumption favoring jury trials under the saving to suitors clause, courts have identified a few circumstances under which the damage claimants may litigate the issues of liability *vel non,* as well as damages, in their chosen fora. Under these exceptions, if the vessel owner is held liable in the damage claimant's chosen forum for an amount exceeding the limitation fund, the parties must return to the admiralty court to litigate the vessel owner's privity or knowledge.") (*citing Beiswinger*, 86 F.3d at 1038). Furthermore, those cases addressed situations involving the necessity of protecting a ship-owner's right to limitation when a claimant sought to pursue an action for damages in *state* court, not federal court as is the issue here. In any event, the issue the Petitioners/Third Party Plaintiffs raise is not directly relevant to the primary inquiry here, which is whether the Petitioners (as Third Party Plaintiffs) may pursue an impleader in this case under the applicable rules.

> occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff . . . and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.[7]

FED. R. CIV. P. 14(c).[8] That rule refers to Rule 9(h), which provides, in relevant part:

> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rule[] 14(c) . . . and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty claim for those purposes whether so identified or not.

FED. R. CIV. P. 9(h). Thus, under Rule 9(h), if the plaintiff's claim is cognizable only in admiralty, no specific identifying statement is necessary. *Harrison*, 679 F. Supp. at 1418. However, where the complaint shows that the district court has jurisdiction both on the grounds of admiralty as well as some other basis of federal jurisdiction, the plaintiff must provide an identifying statement as provided for in Rule 9(h) in order to "be entitled to the special benefits afforded to admiralty litigants under the Federal Rules of Civil Procedure and the Supplemental Rules . . . ." *Id.*; *see also Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1252 (5th Cir. 1975) (Rule 9(h) designation only necessary when alternate jurisdictional grounds are pleaded); *Rollin v. Kimberly Clark Tissue Co.*, 211 F.R.D. 670, 672 (S.D. Ala. 2001) ("If the plaintiff explicitly

---

[7] "[Rule 14(c)] was intended to preserve a defendant's traditional right in admiralty to demand judgment directly in favor of plaintiff and against the third-party defendant." *Harrison v. Glendel Drilling Co.*, 679 F. Supp. 1413, 1417 (W.D. La. 1988); *see also Durgin v. Crescent Towing & Salvage, Inc.*, 2002 WL 1789776 at *2 (E.D. La. July 31, 2002) (Rule 14(c) "was designed to expedite and consolidate admiralty actions by permitting a third party plaintiff to demand judgment against a third party defendant in favor of the plaintiff.").

[8] Rule 14(c) "is only applicable when [the] court is already sitting in admiralty as a result of the initial claim by the plaintiff." *Mitsubishi Int'l Corp. v. Int'l-Great Lakes Shipping Co.*, 1985 WL 5389 at *4 (N.D. Ill. Dec. 16, 1985).

identifies his or her claim as an admiralty or maritime claim within the meaning of Rule 9(h), the defendant may utilize Rule 14(c). The failure of a plaintiff to include such an explicit identifying statement, though, has been held to foreclose Rule 14(c) practice.").

In this case, the Claimants assert that this Court has jurisdiction under the Jones Act, 46 U.S.C. section 688.[9] (*See* Doc. 12 at 5; Doc. 14 at 5, 6, 11; Doc. 15 at 4, 5, 8). The Claimants also make express demands for jury trials.[10] (*See* Doc. 12 at 7; Doc. 14 at 20; Doc. 15 at 3, 16). The Claimants do not make an explicit Rule 9(h) designation.[11] Thus, because the claims against the Petitioners are not cognizable solely in admiralty, and because the Claimants have not clearly made a Rule 9(h) designation, the Petitioners (as Third Party Plaintiffs) are not entitled to invoke Rule 14(c). *Durgin v. Crescent Towing & Salvage, Inc.*, 2002 WL 1789776 at *2 (E.D. La. July 31, 2002); *Rollin*, 211 F.R.D. at 673; *Tipton*, 1989 WL 13554 at *2 (where plaintiff's complaint

---

[9] A Jones Act claim arises under general federal question jurisdiction. *Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063, 1068 (5th Cir. 1981).

[10] *See Rollin*, 211 F.R.D. at 673 ("No right to a jury trial exists in admiralty cases. . . . Plaintiff's demands for a jury trial thus conclusively demonstrate that he does not seek the special procedures protect (sic) by Rule 9(h), which renders Rule 14(c) unavailable . . . .") (internal citations omitted); *Concordia Co., Inc. v. Panek*, 115 F.3d 67, 72 (1st Cir. 1997) (important factor in determining whether claimant elects to proceed in admiralty is whether claimant demands jury trial).

[11] Although each Claimant does state that the Court has jurisdiction under the "General Maritime Law of the United States," (*see* Doc 12 at 5; Doc. 14 at 5, 6, 11, 14, 17; Doc. 15 at 4, 5, 8, 11, 13), the "mere fact that the plaintiff states that the Court also has jurisdiction over the claim under the Jones Act and under general maritime law *does not* amount to a Rule 9(h) designation." *Tipton v. Gen. Marine Catering Co.*, 1989 WL 13554 at *2 (E.D. La. Feb. 13, 1989) (emphasis in original); *see also Smith v. Pinell,* 597 F.2d 994, 996 n.2 (5th Cir. 1979) (plaintiff's allegation that "this is a case of Admiralty and Maritime Jurisdiction" was insufficient to invoke Rule 9(h)); *Harrison*, 679 F. Supp. at 1418 ("A plaintiff's allegation that his claim is within the admiralty and maritime jurisdiction is not sufficient to make it an admiralty and maritime claim within the meaning of Rule 9(h), if the claim is also within the district court's jurisdiction on some other ground.").

was not cognizable solely in admiralty and plaintiff did not make Rule 9(h) designation, action was triable at law, and defendants were not entitled to invoke Rule 14(c); striking portions of defendants' third party complaints brought under Rule 14(c)); *Harrison*, 679 F. Supp. at 1419.[12]

At best, the Petitioners/Third Party Plaintiffs argue that they should be allowed to proceed under Rule 14(c) because the "allegations in the claims suggest an accident on a navigable waterway involving maritime activity." (Doc. 44 at 6). However, the fact that the language of the Claimants' allegations merely *suggests* an admiralty claim is not sufficient to bring their claims within the auspices of Rule 14(c). *See Cameron Offshore Boats, Inc. v. Alpine Ocean Seismic Surveys*, 862 F. Supp. 1578, 1583 (W.D. La. 1994) (rejecting defendants' argument that admiralty jurisdiction was proper based on face of plaintiff's complaint, because "well-pleaded complaint rule only applies for purposes of determining federal question jurisdiction, which is distinct and independent from admiralty jurisdiction[;]" for admiralty jurisdiction, plaintiff must identify claim as an admiralty or maritime claim for the purposes of, *inter alia*, Rule 14(c)).[13]

---

[12] *Compare Concordia Co., Inc. v. Panek*, 115 F.3d 67, 72-73 (1st Cir. 1997) (although plaintiff's Rule 9(h) identifying statement was "inartful," and although preferred technique is to expressly invoke that Rule, where plaintiff used the words "In Admiralty" in the caption and did not demand a jury trial, that was sufficient to constitute a Rule 9(h) designation for admiralty purposes).

[13] The Court notes that the Claimants make certain claims under the Jones Act, whereas they make other claims solely on the basis of the "General Maritime Law of the United States," (*see* Doc 12 at 5; Doc. 14 at 5, 6, 11, 14, 17; Doc. 15 at 4, 5, 8, 11, 13), thus apparently making a jury demand for certain claims that appear to be alleged only in admiralty. However, where a plaintiff joins a Jones Act claim with admiralty or maritime claims that arise out of one set of facts, all of the claims must be submitted to a jury. *Fitzgerald v. U. S. Lines Co.*, 374 U.S. 16, 21 (1963) ("a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts"); *see also Concordia Co., Inc. v. Panek*, 115 F.3d 67, 70 (1st Cir. 1997); *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 616 (5th Cir. 1985).

**III.    Conclusion**

The Claimants have not designated their claims as filed pursuant to Rule 9(h) and, moreover, have filed their claims under the Jones Act and have demanded jury trials.  Thus, notwithstanding the general propriety of impleader in limitations actions, in this case the Petitioners/Third Party Plaintiffs may not avail themselves of Rule 14(c), and therefore may not cause the Claimants to proceed directly against Delta.  Thus, the Petitioners' Third Party Complaint against Delta must be dismissed to the extent that it seeks to avail itself of this aspect of Rule 14(c).[14]  Accordingly, it is

**ORDERED THAT** Delta's Motion to Dismiss the Petitioners' Third Party Complaint (Doc. 33) is GRANTED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 22, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[14] It appears that the only consequence of this conclusion will be to require the Petitioners/Third Party Plaintiffs to being their third party complaint against Delta under Rule 14(a). Indeed, Delta appears to concede this point. (*See* Doc. 34 at 3-4).  The practical result appears to be simply that the Petitioners/Third Party Plaintiffs many not cause the Claimants to proceed directly against Delta.  While this appears to be elevating form over substance, the Court is not in a position at present to analyze or comment on the parties' litigation strategies.